IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                               Plaintiff,<br><br>v.<br><br>JOSEPH ALEXANDER SLEDGE,<br><br>                               Defendant. | Case No. 3:24-cr-00097-TMB-KFR<br><br>ORDER ON GOVERNMENT'S<br>MOTION *IN LIMINE*<br>(DKT. 25) |

## I.    INTRODUCTION

The matter comes before the Court on Plaintiff United States of America's Omnibus Motion *in Limine* (the "Motion").[1] Defendant Joseph Alexander Sledge opposes the Motion.[2] Oral argument was not requested and was not necessary to the Court's determination. A portion of the Motion was previously denied at Docket 49. For the following reasons, the remainder of the Government's Motion at Docket 25 is **DENIED without prejudice.**

## II.    BACKGROUND

On August 22, 2024, the Government filed an Indictment charging Sledge with Credit Union Robbery (Count 1).[3] The Indictment also contains a criminal forfeiture allegation.[4] Trial begins on November 13, 2024.[5]

In the Motion, the Government asks the Court to (1) preclude evidence and argument designed to elicit jury nullification; (2) preclude evidence and argument related to potential

---

[1] Dkt. 25 (Government's Omnibus Motion *in Limine*).
[2] Dkt. 32 (Defendant's Response in Opposition).
[3] Dkt. 11 (Indictment); *see* 18 U.S.C. §§ 2113(a).
[4] Dkt. 11; *see* 18 U.S.C. § 981(a)(1)(C); 28 U.S.C. § 2461(c); Fed. R. Crim. P. 32.2(a).
[5] Dkt. 22 (Trial Scheduling Order).

punishment; (3) preclude evidence and argument about proximate cause; and (4) admit business records under Federal Rule of Evidence 902.[6]

Sledge opposes the Motion, arguing that (1) it is immaterial to the defense whether the Court grants or denies as moot the Government's motion to preclude evidence and argument designed to elicit jury nullification; (2) it is immaterial to the defense whether the Court grants or denies as moot the Government's motion to preclude evidence and argument related to potential punishment; (3) the Court should deny the Government's motion to preclude evidence and argument about proximate cause; and (4) the Court should admit Exhibit 1 at Docket 25 but reserve ruling on the admissibility of other business records or absence of business records until the Government has laid the proper foundation.[7]

### III.    LEGAL STANDARD

#### A. Motions in Limine

"A motion *in limine* is a procedural device to obtain an early and preliminary ruling on the admissibility of evidence"[8] and may be used to request evidence be either excluded or admitted before trial.[9] Motions *in limine* are appropriate when the "mere mention of evidence during trial would be highly prejudicial."[10] "*[I]n limine* rulings are not binding on the trial judge, and the judge may always change his mind during the course of a trial."[11]

---

[6] Dkt. 25 at 1.
[7] *See generally* Dkt. 32.
[8] *Barnard v. Las Vegas Metro. Police Dep't*, No. 2:03-cv-01524-RCJ-LRL, 2011 WL 221710, at *1 (D. Nev. Jan. 21, 2011); *Rsch. Corp. Techs., Inc. v. Microsoft Corp.*, No. CV-01-658-TUC-RCJ, 2009 WL 2971755, at *1 (D. Ariz. Aug. 19, 2009).
[9] *See* Fed. R. Evid. 103; *United States v. Williams*, 939 F.2d 721, 723 (9th Cir. 1991) (affirming district court's ruling *in limine* that prosecution could admit impeachment evidence under Federal Rule of Evidence 609).
[10] *Barnard*, 2011 WL 221710, at *1 (quoting *Black's Law Dictionary* 1109 (9th ed. 2009)); *Rsch. Corp. Techs.*, 2009 WL 2971755, at *1 (similar).
[11] *Ohler v. United States*, 529 U.S. 753, 758, n.3 (2000).

Motions *in limine* "should not be used to resolve factual issues or weigh evidence."[12] A court's rulings on motions *in limine* are provisional and may be reconsidered during the course of trial.[13] A denial of a motion *in limine* merely means that the court is unable to determine whether the evidence should be excluded outside of the context of trial.[14] Otherwise, "evidentiary rulings should be deferred until trial so that questions of foundation, relevancy and potential prejudice may be resolved in proper context."[15]

### B. Relevance

Evidence must be relevant to be admissible.[16] Evidence is relevant under Rule 401 if it has "any tendency to make a material fact more or less probable" and if it is "of consequence in determining the action." However, relevant evidence may be excluded if its probative value is substantially outweighed by the danger of "unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence."[17]

### C. Business Records

Under the hearsay rule, out of court statements offered for the truth of the matter asserted are generally not admissible.[18] However, Rule 803 provides an exception for records of a regularly

---

[12] *Barnard*, 2011 WL 221710, at *1 (citations omitted); *BNSF Ry. Co. v. Quad City Testing Lab., Inc.*, No. CV-07-170-BLG-RFC, 2010 WL 4534406, at *1 (D. Mont. Oct. 28, 2010) (citations omitted); *Research Corp.*, 2009 WL 2971755, at *1 (citations omitted).
[13] *Barnard*, 2011 WL 221710, at *2 (citing, *inter alia*, *Ohler v. United States*, 529 U.S. 753, 758 n.3 (2000)); *Research Corp.*, 2009 WL 2971755, at *2 (same).
[14] *Barnard*, 2011 WL 221710, at *2; *BNSF*, 2010 WL 4534406, at *1; *Research Corp.*, 2009 WL 2971755, at *2.
[15] *Barnard*, 2011 WL 221710, at *1 (citations omitted); *BNSF*, 2010 WL 4534406, at *1 (citations omitted); *Rsch. Corp. Techs.*, 2009 WL 2971755, at *1 (citations omitted).
[16] Fed. R. Evid. 402 (stating relevant evidence is admissible unless otherwise excluded by the Constitution, federal statute, rules of evidence, or other rules prescribed by the Supreme Court).
[17] Fed. R. Evid. 403.
[18] Fed. R. Evid. 801; 802.

conducted activity or the absence of such a record.[19] Under Rule 803(6), a business record is admissible if (A) it was "made at or near the time by—or from information transmitted by—someone with knowledge," (B) it was kept in the course of a regularly conducted activity of a business, and (C) making the record was a regular practice.[20] These conditions may be certified in compliance with Rule 902(11).[21] The absence of a business record may also be admitted where (A) the evidence is admitted to prove a matter did not occur or exist, (B) a record was regularly kept for matters of that kind, and (C) the opponent does not show that the possible source or circumstances of the records indicates a lack of trustworthiness.[22]

Under Rule 902, certain items of evidence are self-authenticating and do not require the testimony of a foundation witness.[23] This includes the "original or a copy of a domestic record that meets the requirements of Rule 803(6)(A)–(C), as shown by a certification of the custodian or another qualified person that complies with a federal statute or a rule prescribed by the Supreme Court."[24] A declaration must establish that the document meets the requirements of Rule 803(6)(A)–(C) by stating that records were made at or near the time by someone with knowledge and that the record was kept in the regular course of business.[25] In addition to meeting the certification requirements, the proponent of the evidence must give the opposing party notice of its intent to offer the record.[26]

---

[19] Fed. R. Evid. 803(6)–(7).
[20] Fed. R. Evid. 803(6).
[21] *Id.*
[22] Fed. R. Evid. 803(7).
[23] *United States v. Siders*, 712 F. App'x 601, 602 (9th Cir. 2017).
[24] Fed. R. Evid. 902(11).
[25] *Id.*; *see also Siders*, 712 F. App'x at 603.
[26] Fed. R. Evid. 902(11).

4

Case 3:24-cr-00097-TMB-KFR    Document 50    Filed 11/11/24    Page 4 of 10

## IV. DISCUSSION

### A. *Motion to preclude argument and evidence designed to elicit jury nullification.*

The Government asks the Court to "preclude [Sledge] from arguing or otherwise presenting evidence or pursuing lines of inquiry designed to elicit jury nullification."[27] The Government states that although it is "unable to anticipate each form of 'jury nullification' argument or evidence" sought at trial, it recognizes "two common examples of jury nullification," including: (1) selective or vindictive prosecution and (2) an "outrageous government conduct" defense.[28] The Government requests that, should Sledge plan to "elicit evidence or argue" that the Government engaged in misconduct, Sledge "must first address the matter with the Court."[29]

Sledge states "it is immaterial to the defense whether the Court grants this government motion *in limine* or denies it as moot."[30] Sledge notes that "absolutely nothing about this case or the way undersigned counsel practices law" suggests that Sledge would make jury nullification arguments.[31]

In raising this issue, the Government provides no evidence supporting the assertion that Sledge may make any argument or offer any evidence designed to elicit jury nullification.[32] In reading defense counsel's response, there is no reason to believe such arguments or evidence are forthcoming.[33]

---

[27] Dkt. 25 at 2 (citing *United States v. Blixt*, 548 F.3d 882, 890 (9th Cir. 2008); *United States v. Perez*, 86 F.3d 735, 736 (7th Cir. 1996); *United States v. Sepulveda*, 15 F.3d 1161, 1190 (1st Cir. 1993)).
[28] Dkt. 25 at 2–6.
[29] *Id.* at 5–6.
[30] Dkt. 32 at 1.
[31] *Id.*
[32] *See generally* Dkt. 25 (absence).
[33] *See* Dkt. 32 at 1.

It is improper for any party to suggest that the jury should acquit even if it finds the Government has met its burden of proof.[34] The Court is assured that both parties understand any arguments related to claims of selective- or vindictive-prosecution or outrageous governmental conduct must be raised with the Court outside the presence of the jury.[35] Therefore, the Court **DENIES without prejudice** the Government's request to preclude speculative evidence.

### B. *Motion to preclude argument or evidence of potential punishment*

The Government moves to preclude "any reference by the defense," made during "all phases of trial[,]" to Sledge's "potential sentence if convicted."[36] The Government reasons that "[i]t has long been the law that it is inappropriate for a jury to consider or be informed of the consequences of their verdict."[37]

Sledge again states "it is immaterial to the defense whether the Court grants this government motion *in limine* or denies it as moot," noting that "[u]ndersigned counsel is well-aware of the scope of permissible argument to a jury and has no intention of improperly referencing—at any point in trial—the possible punishment Mr. Sledge might receive if convicted."[38]

---

[34] S*ee, e.g.*, *United States v. Blixt*, 548 F.3d 882, 890 (9th Cir. 2008).
[35] *See United States v. Armstrong*, 517 U.S. 456, 463 (1996) (holding selective- or vindictive-prosecution claim is not a defense on the merits to a criminal charge); Fed. R. Crim. P. 12(b)(3)(A)(iv) (claims of selective prosecution must be raised pre-trial); *See also United States v. Montoya*, 45 F.3d 1286, 1300 (9th Cir. 1995) (holding outrageous governmental conduct is not a defense, but a separate claim that must be brought in an opening brief); *United States v. McQuin*, 612 F.2d 1193, 1196 (9th Cir. 1980) ("It was entirely proper for the district court to deny [defendant-appellant's] request that the question of outrageous misconduct be referred to the jury as that question was one of law.").
[36] Dkt. 25 at 6.
[37] *Id.* (citing *United States v. Frank*, 956 F.2d 872, 879 (9th Cir. 1992)).
[38] Dkt. 32 at 2.

The Court agrees with both parties that the discussion of potential sentencing enhancements or punishments is not within the jury's domain.[39] The Government provides no evidence that Sledge intends to make arguments about potential punishments.[40] The Court has no reason to believe Sledge will make impermissible arguments to the jury.[41] Indeed, counsel for the defense is an experienced Assistant Federal Public Defender whose practice before this Court suggests no reason to believe he would reference impermissible arguments. The Court therefore **DENIES without prejudice** the Government's request to preclude argument about potential sentencing outcomes.

### C. *Motion to preclude evidence and argument about proximate cause*

The Government also seeks to preclude any evidence and argument about proximate cause.[42] The Government provides no argument on this point.[43] Sledge opposes this request on the grounds that the Government does not provide support for its position.[44]

Without support or further explanation of this request from the Government, the Court **DENIES** the Government's request to preclude evidence and argument about proximate cause.

### D. *Motion to admit materials from Global Credit Union pursuant to Rule 902*

The Government seeks to admit the Certificate of Liability Insurance pursuant to Fed. R. Evid. 803(6) and 902(11) "received from the National Credit Union Administration confirming that Global Credit Union is a federally insured credit Union accompanied by a business records

---

[39] *See Shannon v. United States*, 512 U.S. 573, 579 (1994) (citing *Pope v. United States*, 298 F.2d 507, 508 (5th Cir. 1962)); *see also Rogers v. United States*, 422 U.S. 35, 40 (1975); *United States v. Reed*, 726 F.2d 570, 579 (9th Cir. 1984).
[40] *See generally* Dkt. 25 (absence).
[41] *See* Dkt. 32 at 2.
[42] Dkt. 25 at 1.
[43] *See generally id.* (absence).
[44] Dkt. 32 at 2.

certification."[45] The Government states it has complied with Federal Rule of Evidence 902(11) and provided notice to Sledge.[46] The Government argues that "the burden is put on the opponent of the evidence, given enough time to do so, to show that the foundation provided by the affiant or declarant is so weak as to fail" the requirements of Rule 902.[47]

The Government also seeks to admit the absence of a business record from Global Credit Union pursuant to Fed. R. Evid. 803(7) to support its argument that Sledge was not a member of Global Credit Union.[48] The Government seeks to have the absence of the business record be self-authenticated under Rule 902(11).[49] At the time of filing, the Government states it is awaiting the certified declaration but will provide to the defense upon receipt.[50]

Sledge does not oppose the admission of the evidence of liability insurance.[51] However, Sledge asks the Court to reserve ruling on the absence of a record of Sledge's membership with Global Credit Union or any other business records the Government may seek to introduce.[52]

As a threshold matter, the Court concludes that the evidence of liability insurance and the absence of a record indicating Sledge's membership with Global Credit Union the Government seeks to introduce are relevant under Rule 401.

However, at Docket 49, the Court concluded that the Declaration of Liability Insurance entered as Exhibit 1 to Docket 25 does not satisfy Rule 902(11) as a self-authenticating document. Rule 902(11) allows for the self-authentication of business records *if* the record is certified by a

---

[45] Dkt. 25 at 8.
[46] *Id.* at 10.
[47] *Id.* at 9 (quoting *Direct TV, Inc. v. Murray*, 307 F. Supp. 2d 764, 773 (D.S.C. 2004)).
[48] *Id.* at 10.
[49] *Id.* at 11.
[50] *Id.* at 10.
[51] Dkt. 32 at 2.
[52] *Id.* (citing Dkt. 25 at 8 n.1 ("In the event that additional relevant materials and business records certifications are identified for trial, the United States will inform the Defendant and Court.").

custodian or other qualified who can attest that the record meets the requirements of Rule 803(6)(A)–(C) *and* the proponent of the self-authenticating document provides notice to the adverse party. While the Court is assured that Rule 902(11)'s notice requirement is satisfied based on Sledge's non-opposition, the declaration does not state (1) that the insurance record was made at the time insurance was acquired or (2) that such records are regularly kept as required by the rule.[53] The Government suggests that the burden is on Sledge to object to the declaration. However, under Federal Rule of Evidence 104, it is the responsibility of the Court to decide preliminary questions about the admissibility of evidence.

The Court also agrees with Sledge that, without a showing from the Government that it complied with Rule 902(11) in authenticating the absence of records from Global Credit Union, the Court cannot admit the absence of the records. The Government has not presented the declaration for the Court to ensure it meets the requirements of Rule 902(11) and Rule 803(7).[54] The Government also has not provided Sledge with notice.[55]

For the foregoing reasons, the Court **DENIES without prejudice** the Government's request to admit the absence of business records under Federal Rule of Evidence 902.

### V. CONCLUSION

For the foregoing reasons, the Government's Motion *in Limine* at Docket 25 is **DENIED as follows:**

- The Court **DENIES without prejudice** the Government's request to preclude evidence and argument designed to elicit jury nullification;

---

[53] Fed. R. Evid. 803(6)(A)–(C); *see also Siders*, 712 F. App'x at 603.
[54] *See generally* Dkt. 25 (absence); *see also id.* at 10 ("The government is awaiting a certified declaration from [Global Credit Union] confirming that the financial institution did not hold any membership records on behalf of the defendant.").
[55] *Id.* at 10 ("The declaration will be provided to the defense upon the government's receipt.").

- The Court **DENIES without prejudice** the Government's request to preclude evidence and argument related to potential punishment;

- The Court **DENIES** the Government's request to preclude evidence and argument about proximate cause;

- The Government's request to admit evidence of Global Credit Union's proof of insurance was previously **DENIED without prejudice** at Docket 49.; and

- The Court **DENIES without prejudice** the Government's request to introduce evidence of the absence of business records from Global Credit Union.

IT IS SO ORDERED.

Dated at Anchorage, Alaska, this 11th day of November, 2024.

/s/ *Timothy M. Burgess*
TIMOTHY M. BURGESS
UNITED STATES DISTRICT JUDGE