IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> v. <br><br> JOSEPH ALEXANDER SLEDGE, <br><br> Defendant. | Case No. 3:24-cr-00097-TMB-KFR <br><br> ORDER ON DEFENDANT'S MOTION *IN LIMINE* (DKT. 26) |

## I. INTRODUCTION

The matter comes before the Court on Defendant Joseph Alexander Sledge's Motion *in Limine* (the "Motion").[1] Plaintiff United States of America does not oppose the Motion.[2] Oral argument was not requested and was not necessary to the Court's determination. For the following reasons, the Defendant's Motion at Docket 26 is **GRANTED.**

## II. BACKGROUND

On August 22, 2024, the Government filed an Indictment charging Sledge with Credit Union Robbery (Count 1).[3] The Indictment also contains a criminal forfeiture allegation.[4] Trial begins on November 13, 2024.[5]

In the Motion, Sledge asks the Court to exclude, as irrelevant, evidence from a witness purporting to have seen a piece of "tin foil" fall out of Sledge's backpack at a nearby building

---

[1] Dkt. 26 (Defendant's Motion *in Limine*).
[2] Dkt. 28 (Government's Response).
[3] Dkt. 11 (Indictment); *see* 18 U.S.C. §§ 2113(a).
[4] Dkt. 2; *see* 18 U.S.C. § 981(a)(1)(c); 28 U.S.C. § 2461(c); Fed. R. Crim. P. 32.2(a).
[5] Dkt. 22 (Trial Scheduling Order).

shortly before the robbery took place.[6] Sledge's Motion *in Limine* argues that the evidence is irrelevant because any potential probative value of the evidence is substantially outweighed by danger of the unfair prejudice due to an inference that Sledge used or was addicted to illicit drugs.[7]

The Government does not oppose Sledge's motion and states in its Response that it will instruct its witness to avoid testifying about the tin foil she observed in the backpack.[8]

### III.   LEGAL STANDARD

*A. Motions in Limine*

"A motion *in limine* is a procedural device to obtain an early and preliminary ruling on the admissibility of evidence"[9] and may be used to request evidence be either excluded or admitted before trial.[10] Motions *in limine* are appropriate when the "mere mention of evidence during trial would be highly prejudicial."[11] A court's rulings on motions *in limine* are provisional and may be reconsidered during the course of trial.  A denial of a motion *in limine* merely means that the court is unable to determine whether the evidence should be excluded outside of the context of trial. Otherwise, "evidentiary rulings should be deferred until trial so that questions of foundation, relevancy and potential prejudice may be resolved in proper context."[12]

---

[6] Dkt. 26 at 1.
[7] *Id.*
[8]  Dkt. 28 at 1.
[9] *Barnard v. Las Vegas Metro. Police Dep't*, No. 2:03-cv-01524-RCJ-LRL, 2011 WL 221710, at *1 (D. Nev. Jan. 21, 2011).
[10] *See* Fed. R. Evid. 103; *United States v. Williams*, 939 F.2d 721, 723 (9th Cir. 1991) (affirming district court's ruling *in limine* that prosecution could admit impeachment evidence under Federal Rule of Evidence 609).
[11] *Barnard*, 2011 WL 221710, at *1 (quoting *Black's Law Dictionary* 1109 (9th ed. 2009)); *Rsch. Corp. Techs.*, 2009 WL 2971755, at *1 (similar).
[12] *Barnard*, 2011 WL 221710, at *1 (citations omitted); *BNSF*, 2010 WL 4534406, at *1 (citations omitted); *Rsch. Corp. Techs.*, 2009 WL 2971755, at *1 (citations omitted).

B. *Federal Rules of Evidence*

The relevance and admissibility of evidence at trial is governed in part by Rules 401, 402, and 403. Under Federal Rule of Evidence 402, evidence that is irrelevant or excluded by the evidentiary rules, a federal statute, or the Constitution is not admissible. Evidence is relevant if it has "any tendency to make a material fact more or less probable" and if it is "of consequence in determining the action."[13] Under Rule 403, relevant evidence may be excluded if its probative value is substantially outweighed by the danger of "unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence."

Rule 404(b) generally prohibits the use of evidence of a person's prior acts "to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character."[14] "The rule is designed to avoid a danger that the jury will punish the defendant for offenses other than those charged."[15] However, because such evidence may be highly relevant, Rule 404(b)(2) provides that evidence of a person's prior crimes, wrongs, or acts "may be admissible for another purpose, such as proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident."[16] Evidence of prior criminal conduct may be admitted to show knowledge or intent if it satisfies a four-part test: "(1) the evidence tends to prove a material point; (2) the other act is not too remote in time; (3) the evidence is sufficient to support a finding that defendant committed the other act; and (4) (in certain cases) the act is similar to the offense charged."[17]

---

[13] Fed. R. Evid. 401.
[14] Fed. R. Evid. 404(b)(1); *see also United States v. Charley*, 1 F.4th 637, 645 (9th Cir. 2021).
[15] *Charley*, 1 F.4th at 647.
[16] Fed. R. Evid. 404(b)(2).
[17] *United States v. Luna*, 21 F.3d 874, 878 (9th Cir. 1994), *as amended* (May 4, 1994); United States v. Garcia-Orozco, 997 F.2d 1302, 1304 (9th Cir. 1993).

## IV. DISCUSSION

The Court concludes that evidence of the tin foil is not admissible under Rule 402, 403, or 404(b). Sledge's Motion argues that evidence of the tin foil (1) is not relevant; (2) could cause the jury to speculate that Mr. Sledge used or was addicted to illicit drugs or that he robbed the credit union to support a drug habit, leading to unfair prejudice, and (3) is not admissible evidence of a prior act.[18] "Drug addiction is an issue fraught with potential prejudice."[19] Drug addiction or use of illicit drugs is not relevant to the elements of the indicted offense nor does it make a material fact of the case more or less probable. Therefore, it is not relevant and must be excluded under Rule 402. For the same reason, the potential probative value of the tin foil evidence is outweighed by the risk of speculation or inference of the use of illicit substances by Sledge. Similarly, the evidence is not admissible as evidence of a prior act. Even if used to show intent or purpose, the evidence does not pass the four-part test for admissibility for Rule 404(b), because it does not tend to prove a material point of the indicted offense. Accordingly, the evidence of the tin foil is not admissible under Rules 402, 403, or 404(b).

## V. CONCLUSION

For the foregoing reasons, the Defendant's Motion *in Limine* at Docket 26 is **GRANTED.**

IT IS SO ORDERED.

Dated at Anchorage, Alaska, this 11th day of November, 2024.

/s/ Timothy M. Burgess
TIMOTHY M. BURGESS
UNITED STATES DISTRICT JUDGE

---

[18] Dkt. 26 at 2-3.
[19] *United States v. Kizer*, 569 F.2d 504, 506 (9th Cir. 1978).