IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>JOSEPH ALEXANDER SLEDGE,<br><br>Defendant. | Case No. 3:24-cr-00097-TMB-KFR<br><br>ORDER ON JOSEPH ALEXANDER SLEDGE'S MOTION *IN LIMINE* (DKT. 27) |

## I.      INTRODUCTION

The matter comes before the Court on Defendant Joseph Alexander Sledge's Motion *in Limine* (the "Motion").[1] Plaintiff United States of America opposes the Motion.[2] Oral argument was not requested and was not necessary to the Court's determination. For the following reasons, the Court **DENIES without prejudice** Sledge's Motion at Docket 27.

## II.      BACKGROUND

On August 22, 2024, the Government filed an Indictment charging Sledge with Credit Union Robbery (Count 1).[3] The Indictment also contains a criminal forfeiture allegation.[4] Trial begins on November 13, 2024.[5]

In the Motion, Sledge asks the Court to admit portions of Sledge's post-arrest statement pursuant to the rule of completeness should the Government seek to introduce portions of Sledge's

---

[1] Dkt. 27 (Motion).
[2] Dkt. 29 (Opposition).
[3] Dkt. 11 (Indictment); *see* 18 U.S.C. §§ 2113(a).
[4] Dkt. 2; *see* 18 U.S.C. § 981(a)(1)(c); 28 U.S.C. § 2461(c); Fed. R. Crim. P. 32.2(a).
[5] Dkt. 22 (Trial Scheduling Order).

post-arrest statement .[6] Sledge asserts that the Government "should provide notice of whether it intends to introduce Mr. Sledge's post-arrest statement in its case-in-chief, and if so, which portions, so the Court can make a proper evidentiary assessment under Rule 106 prior to admission into evidence."[7]

The Government opposes the motion.[8] The Government argues that "Sledge's incriminating statements do not create a misimpression," but it does not indicate which portions of Sledge's post-arrest statement it intends to introduce.[9]

## III.    LEGAL STANDARD

### A.  *Motions in Limine*

"A motion *in limine* is a procedural device to obtain an early and preliminary ruling on the admissibility of evidence"[10] and may be used to request evidence be either excluded or admitted before trial.[11] Motions *in limine* are appropriate when the "mere mention of evidence during trial would be highly prejudicial."[12] "*[I]n limine* rulings are not binding on the trial judge, and the judge may always change his mind during the course of a trial."[13]

---

[6] Dkt. 27 at 1.

[7] *Id.* at 2.

[8] Dkt. 29 at 1.

[9] *Id.* at 5; *see also id.* (absence).

[10] *Barnard v. Las Vegas Metro. Police Dep't*, No. 2:03-cv-01524-RCJ-LRL, 2011 WL 221710, at *1 (D. Nev. Jan. 21, 2011); *Rsch. Corp. Techs., Inc. v. Microsoft Corp.*, No. CV-01-658-TUC-RCJ, 2009 WL 2971755, at *1 (D. Ariz. Aug. 19, 2009).

[11] *See* Fed. R. Evid. 103; *United States v. Williams*, 939 F.2d 721, 723 (9th Cir. 1991) (affirming district court's ruling *in limine* that prosecution could admit impeachment evidence under Federal Rule of Evidence 609).

[12] *Barnard*, 2011 WL 221710, at *1 (quoting *Black's Law Dictionary* 1109 (9th ed. 2009)); *Rsch. Corp. Techs.*, 2009 WL 2971755, at *1 (similar).

[13] *Ohler v. United States*, 529 U.S. 753, 758, n.3 (2000).

Motions *in limine* "should not be used to resolve factual issues or weigh evidence."[14] A court's rulings on motions *in limine* are provisional and may be reconsidered during the course of trial.[15] A denial of a motion *in limine* merely means that the court is unable to determine whether the evidence should be excluded outside of the context of trial.[16] Otherwise, "evidentiary rulings should be deferred until trial so that questions of foundation, relevancy and potential prejudice may be resolved in proper context."[17]

## B. Rule of Completeness

Under Rule 106, which "sets forth the rule of completeness,"[18] "[i]f a party introduces all or part of a statement, an adverse party may require the introduction, at that time, of any other part—or any other statement—that in fairness ought to be considered at the same time. The adverse party may do so over a hearsay objection."[19]

By allowing the other party to present the remainder of the writing or recorded statement ("remainder") immediately rather than later during cross-examination, Rule 106 avoids the

---

[14] *Barnard*, 2011 WL 221710, at *1 (citations omitted); *BNSF Ry. Co. v. Quad City Testing Lab., Inc.*, No. CV-07-170-BLG-RFC, 2010 WL 4534406, at *1 (D. Mont. Oct. 28, 2010) (citations omitted); *Research Corp.*, 2009 WL 2971755, at *1 (citations omitted).

[15] *Barnard*, 2011 WL 221710, at *2 (citing, *inter alia*, *Ohler v. United States*, 529 U.S. 753, 758 n.3 (2000)); *Research Corp.*, 2009 WL 2971755, at *2 (same).

[16] *Barnard*, 2011 WL 221710, at *2; *BNSF*, 2010 WL 4534406, at *1; *Research Corp.*, 2009 WL 2971755, at *2.

[17] *Barnard*, 2011 WL 221710, at *1 (citations omitted); *BNSF*, 2010 WL 4534406, at *1 (citations omitted); *Rsch. Corp. Techs.*, 2009 WL 2971755, at *1 (citations omitted).

[18] *United States v. Goxcon-Chagal*, No. CR 11-2002 JB, 2012 WL 3249473, at *3 (D.N.M. Aug. 4, 2012).

[19] Fed. R. Evid. 106; *see also Beech Aircraft Corp. v. Rainey*, 488 U.S. 153, 171 (1988) ("The common-law 'rule of completeness,' which underlies [Rule] 106, was designed to prevent exactly the type of prejudice of which [petitioner] complains. . . . [T]he rule [permits an] . . . 'opponent, against whom a part of an utterance has been put in, [to] . . . complement it by putting in the remainder, in order to secure for the tribunal a complete understanding of the total tenor and effect of the utterance.'") (quoting 7 J. Wigmore, Evidence in Trials at Common Law § 2113, p. 653 (J. Chadbourn rev. 1978)).

situation where a statement taken out of context "create[s] such prejudice that it is impossible to repair by a *subsequent* presentation of additional material."[20] However, Rule 106

> does not give a green light of admissibility to all excised portions of statements. It does not change the basic rule, which applies only to the narrow circumstances in which a party has created a misimpression about the statement, and the adverse party proffers a statement that in fact corrects the misimpression. The mere fact that a statement is probative and contradicts a statement offered by the opponent is not enough to justify completion under Rule 106.[21]

Under Rule 106, a completing statement is admissible over a hearsay objection.[22] "A party that presents a distortion can fairly be said to have forfeited its right to object on hearsay grounds to a statement that would be necessary to correct the misimpression."[23]

### C. Self-Serving Hearsay

Generally, parties are prohibited from introducing statements made by out-of-court declarants to prove the truth of the matter asserted.[24] A criminal defendant may not offer out-of-court, self-exculpatory statements to prove the truth of the matter asserted.[25] However, the Federal Rules of Evidence provide numerous exclusions and exceptions to the hearsay rule.[26] Additionally, an out-of-court statement is *not* hearsay if it is offered for any purpose other than

---

[20] *Beech Aircraft*, 488 U.S. at 171 n.14 (emphasis in original).

[21] Fed. R. Evid. 106 Advisory Committee Notes to 2023 Amendment; *see also United States v. Collicott*, 92 F.3d 973, 983 (9th Cir. 1996), *as amended* (Oct. 21, 1996) (quoting *Beech Aircraft*, 488 U.S. at 172).

[22] Fed. R. Evid. 106 Advisory Committee Notes to 2023 Amendment.

[23] *Id.*

[24] Fed. R. Evid. 801, 802; *see also United States v. Lopez*, 913 F.3d 807, 826 (9th Cir. 2019).

[25] *United States v. Ortega*, 203 F.3d 675, 682 (9th Cir. 2000), *holding modified on other grounds by United States v. Larson*, 495 F.3d 1094 (9th Cir. 2007) ("If the district court were to have [admitted non-self-inculpatory statements], Ortega would have been able to place his exculpatory statements 'before the jury without subjecting [himself] to cross-examination, precisely what the hearsay rule forbids.'" (second alteration in original) (quoting *United States v. Fernandez*, 839 F.2d 639, 640 (9th Cir.1988))).

[26] *See generally* Fed. R. Evid. Art. VIII.

proving the truth of the matter asserted.[27] A proponent of an out-of-court statement offered for a non-hearsay purpose is not entitled to introduce hearsay statements made in the same context as statements offered for a non-hearsay purpose.[28]

## IV.    DISCUSSION

Sledge argues that the rule of completeness requires the introduction of portions of Sledge's post-arrest interview other than the ones Sledge believes the Government will likely seek to introduce.[29] The Government opposes Sledge's motion and asserts that the statements it will introduce are not misleading so as to invoke the rule of completeness.[30] The Government also posits that Sledge may seek to introduce self-serving hearsay.[31] Without knowing which statements the parties seek to introduce, the Court cannot rule on the Motion. Based on the information provided, the Court cannot determine whether the Government's proffered statements are misleading without context. The Court also cannot determine whether the statements Sledge seeks to introduce fall under an exception to the hearsay rule or are being offered for a non-hearsay purpose.

/ / /

/ /

/

---

[27] *Lopez*, 913 F.3d at 826.
[28] *Id. at* 826–27 ("[T]he district court did not err in excluding this evidence because Lopez consistently sought to introduce the video of the *entire* interview. This evidence would have undoubtedly consisted nearly exclusively of hearsay statements, including those made by Lopez." (emphasis in original)).
[29] Dkt. 27 at 1.
[30] Dkt. 29 at 5.
[31] *Id.* at 2.

## V.    CONCLUSION

For the foregoing reasons, the Court **DENIES without prejudice** Sledge's Motion *in Limine* at Docket 27.

IT IS SO ORDERED.


Dated at Anchorage, Alaska, this 11th day of November, 2024.


/s/   *Timothy M. Burgess*
TIMOTHY M. BURGESS
UNITED STATES DISTRICT JUDGE